IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CONSTANTINE N. POLITES** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **CITY OF PHILADELPHIA** | : | **NO. 19-1092** |

### ORDER

**NOW,** this 4th day of April, 2019, upon consideration of the plaintiff's complaint, it is **ORDERED** that the complaint is **DISMISSED WITHOUT PREJUDICE**.[1]

/s/TIMOTHY J. SAVAGE

---

[1] Federal courts are obliged to address subject matter jurisdiction *sua sponte*. *Meritcare, Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999), *abrogated on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005). If the court lacks subject matter jurisdiction, it must dismiss the complaint because it lacks the power to hear the case. Fed. R. Civ. P. 12(b)(1); *Constitutional Guided Walking Tours, LLC v. Independence Visitor Ctr. Corp.*, 804 F. Supp. 2d 320, 326 (E.D. Pa. 2011) (citing *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Therefore, as a threshold matter, we must determine if the exercise of jurisdiction is proper before reaching the merits of the dispute. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (holding that federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party"); *accord Tristani ex rel. Karnes v. Richman*, 652 F.3d 360, 364 (3d Cir. 2011).

Polites asserts that this court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337. Section 1331 provides for federal question jurisdiction. Section 1337 provides for jurisdiction over any cases arising from acts of Congress regulating commerce or protecting commerce against restraints and monopolies.

Polites does not state a federal cause of action. He cites 29 C.F.R. § 11.448, but there is no such regulation. Construing his complaint liberally, we assume he means 25 C.F.R. § 11.448, entitled "Abuse of office." *See* Compl. at ¶ 15 (claiming that L & I's "'make safe' requirement" is an "abuse of office per 29 CFR § 11.448"). This regulation makes it a misdemeanor for any person purporting to act in his or her official capacity, knowing the action is illegal, to infringe the personal or property rights of another or to impede another in the exercise of his or her rights and privileges. 25 C.F.R. § 11.448. However, this regulation, found in the Courts of Indian Offenses and Law and Order Code, only applies to Indian tribes enumerated in 25 C.F.R. § 11.100. Polites does not allege he is a member of an Indian tribe. Thus, he cannot rely on the regulation.

Dismissal of this action is without prejudice to the plaintiff's right to pursue his remedies through the administrative process set forth in the Philadelphia Code and a state court action.